UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RASHA BROWN &  LLOYD WATSON,

Plaintiffs,

-against-

TERRANCE WEBBER & STEVENS
TRANSPORT, INC.,

Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 04/14/2022

No. 18 CV 09618 (NSR)
MEMORANDUM & ORDER

NELSON S. ROMÁN, United States District Judge:

Plaintiffs, Rasha Brown ("Brown") and Lloyd Watson ("Watson") (collectively "Plaintiffs")

commenced this personal injury action asserting diversity jurisdiction on or about April 25, 2018.

(ECF No. 1.) On October 26, 2020, the Court dismissed the action for want of prosecution. (ECF No.

14.) Presently before the Court is Plaintiffs' motion pursuant to Fed. R. Civ. P. 60(b) ("Rule 60(b)")

to vacate the dismissal. (ECF No. 22.) For the following reasons, the motion is DENIED.

**PROCEDURAL HISTORY**

Plaintiffs commenced this diversity personal injury action in the United States District Court,

E.D.N.Y. ("Eastern District"), on or about April 25, 2018. (ECF No. 1.) In their complaint, Plaintiffs

assert personal injuries arising from the negligent operation of a motor vehicle owned and operated

by the Defendants which purportedly occurred on May 12, 2015. The Defendants appeared in this

action on May 9, 2018. (ECF No. 4.) By letter dated July 26, 2018, Defendants sought leave of Court

to move to dismiss the action on the basis of, *inter alia*, Plaintiffs' failure to comply with the service

requirements of Fed. R. Civ. P. 4 ("Rule 4").[1] (ECF No. 9.) By order of the Court dated October 3,

2018, the action was transferred to the United States District Court, S.D.N.Y. ("Southern District")

---

[1]The Court did not respond to Defendants' request.

1

and subsequently assigned to Hon. Andrew Carter ("Judge Carter").  By letter dated October 30, 2018,

addressed to Judge Carter, Defendants requested that the case be transferred to S.D.N.Y. White Plains

Courthouse ("White Plains") on the basis that the alleged accident occurred in Rockland County, New

York. (ECF No. 11.)  After reviewing the pleadings, Judge Carter transferred the action to the White

Plains Courthouse. (EFC No. 10.)

On March 6, 2020, nearly two years after commencing the action and fourteen months after

the action was transferred to the White Plains Courthouse, the Court issued an Order to Show Cause

("OSC") requesting that Plaintiff provide just cause as to why the instant matter should not be

dismissed for failure to prosecute. (ECF No. 12.)  Plaintiff was given until April 6, 2020 to respond

to the OSC but failed to do so.  On October 26, 2020, as a result of Plaintiffs' failure to show just

cause, the Court dismissed the action for want of prosecution. (ECF No. 14.)  On November 17, 2020,

Plaintiffs' counsel filed a Notice of Appearance. (ECF No. 16.)  On November 20, 2020, Plaintiffs'

counsel filed a Notice of Appeal. (ECF No. 17.)  On December 3, 2020, Plaintiffs filed a pre-motion

letter seeking leave of Court to file a motion vacate the dismissal. (ECF No. 18.)

## LEGAL STANDARD

Rule 60(b) provides, in relevant part:

> The court may relieve a party or its legal representative from a final judgment,
> order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or
> excusable neglect; (2) newly discovered evidence that, with reasonable diligence,
> could not have been discovered in time to move for a new trial under Rule 59(b); (3)
> fraud (whether previously called intrinsic or extrinsic), misrepresentation or
> misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been
> satisfied, released, or discharged; it is based on an earlier judgment that has been
> reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other
> reason that justifies relief.

Generally, a motion to vacate a judgment is addressed to the discretion of the District Court.

*Schwarz v. United States*, 384 F.2d 833, 835 (2d Cir. 1967) (citing *Link v. Wabash Railroad Co.*, 370

U.S.626 (1962)).  "The burden is on the moving party to demonstrate that it is entitled to relief, and

courts '. . . require that the evidence in support of the motion to vacate a final judgment be highly convincing.'" *Thai-Lao Lignite Co., Ltd. v. Gov't of Lao People's Democratic Republic*, 864 F.3d 172, 182 (2d Cir. 2017) (quoting *Kotlicky v. U.S. Fid. & Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987)). Rule 60(b) "strikes a balance between serving the ends of justice and preserving the finality of judgments." *Nemaizer v. Baker*, 729 F.2d 58, 61 (2d Cir. 1986) (internal citations omitted).

Rule 60(b) is not a substitute for a timely appeal. *Nemaizer v. Baker*, 793 F.2d at 61. Nor may the motion be used "to relitigate issues already decided." *Maldonado v. Local 803 I.B. of T. Health and Welfare*, 490 F. App'x 405, 406 (2d Cir. 2013). There is, however, a strong public policy preference in favor of resolving cases on the merits. *See New York v. Green*, 420 F. 3d 99, 104 (2d. Cir 2005). In ruling on a motion to vacate a judgment, the Court must resolve all doubts in favor of the moving party. *See New York v. Green*, 420 F. 3d 99, 104 (2d. Cir 2005). Thus, judicial relief under Rule 60(b) may only be granted upon a showing of exceptional circumstances. *Harrison v. N.Y.C. Admin. For Children's Servs.*, No. 02 Civ. 947 RCC RLE, 2005 WL 2033378, at *1 (S.D.N.Y. Aug. 23, 2005) (quoting *Nemaizer*, 793 F.2d 58, 61 (2d Cir. 1986)).

Rule 60(b) provides six bases upon which a court may vacate a judgment, inclusive of a default judgment. Only two grounds, subsection (b)(1) and (b)(6), appear relevant. Fed. R. Civ. P. 60(b)(1) ("Rule 60(b)(1)") provides relief for excusable neglect. Excusable neglect is an elastic concept. *In re Wassah*, 417 B.R. 175, 183 (Bankr. E.D.N.Y. 2009). When considering a motion under Rule 60(b)(1) for excusable neglect, the Second Circuit has emphasized the need to scrutinize the reason given for the delay, including whether the delay was within the reasonable control of the party seeking vacatur. *See Midland Cogeneration Venture Ltd. P'ship v. Enron Corp.*, 419 F.3d 115, 122 (2d Cir. 2005).

Excusable neglect has been interpreted to include the failure to comply with a filing deadline which is attributable to negligence. *Canfield v. Van Atta Buick/GMC Truck, Inc.*, 127 F.3d 248, 250 (2d Cir. 1997) (citing *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*,

507 U.S. 380, 394 (1993)).  However, gross negligence on the part of counsel does not fall within the scope of excusable neglect. *See Cobos v. Adelphi Univ.*, 179 F.R.D. 381, 386 (E.D.N.Y. 1998). When considering a motion under Rule 60(b)(1) for excusable neglect, the Court may consider the danger of prejudice to the non-moving party, the length of the delay and its potential impact on judicial proceedings, the reasons proffered for the delay, and whether the party seeking vacatur acted in good faith. *See, Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d Cir.2003) citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. at 395.

Rule 60(b)(6) is a catchall provision that allows a court to provide adequate relief from a judgment or order for "other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).  The rule has been deemed a "grand reservoir of equitable power to do justice in a particular case" (*Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004) (citation omitted)) and "confers broad discretion on the trial court to grant relief when appropriate." *Matarese v. LeFevre*, 801 F.2d 98, 106 (2d Cir. 1986) (citation and internal quotations omitted).  Relief is warranted under Rule 60(b)(6) "where there are extraordinary circumstances, or where the judgment may work an extreme and undue hardship, and should be liberally construed when substantial justice will thus be served." *Id.*  "In determining whether extraordinary circumstances are present, a court may consider a wide range of factors ... [including] the risk of injustice to the parties and the risk of undermining the public's confidence in the judicial process." *Buck v. Davis*, 137 S.Ct. 759, 778 (2017) (citation and internal quotations omitted).

## DISCUSSION

Plaintiffs seek to vacate the dismissal on the basis that they have a meritorious cause of action, a reasonable excuse for its neglect, and that vacatur of the dismissal will not result in any prejudice to the Defendants.  Movants' counsel avers that Plaintiffs were the occupants of a motor vehicle which was struck by a tractor trailer negligently operated by Defendant Terrance Webber and owned by

Defendant Stevens Transport, Inc.  In support, Plaintiffs submit an uncertified copy of a N.Y.S. Police

Accident Report which purports to detail a motor vehicle accident which occurred on May 12, 2015,

on the southbound I-87 in the Village of Sloatsburg, Rockland County. (ECF No. 23, Declaration of

Jason Bernstein, Exh. B.)  Plaintiffs also proffer copies of two uncertified MRI reports, one for each

Plaintiff. (*Id.*, Exh. D.)  The Brown MRI report, dated July 7, 2016, which was taken slightly more

than a year after the accident, reveals several lumbar bulging disc.  The Watson MRI report, dated

June 15, 2015, taken less than a month after the accident, reveals cervical radiculopathy with multi-

level disc protrusions.  The MRI reports do not reference the cause of the Plaintiffs' injuries.

Plaintiffs' counsel further asserts that he has a reasonable excuse for his neglect and had no

intention to abandon the case.  Counsel asserts that soon after the commencement of the COVID-19

pandemic ("the Pandemic"), his office was forced to close for an extended period and that several

members of his administrative staff suffered deaths in their family due to the virus.  The Pandemic

and deaths caused Plaintiffs' counsel's office to suffer considerable delays.  Also, Counsel asserts that

around the time of the Pandemic, his office was transitioning to a new tickler system which further

exacerbated matters as it took some time for his staff to adjust to the new system.  Lastly, Plaintiffs

assert that Defendants will not suffer any prejudice because of the delay.

Defendants oppose the motion on the basis that Plaintiffs failed to demonstrate a meritorious

cause of action, an excusable neglect and lack of proper service.  Additionally, Defendants assert

Plaintiffs failed to properly effectuate service of process and comply with Fed. R. Civ. P. 4 ("Rule 4").

Defendants do not address the issue of prejudice.  The Court will address each contention in turn.

Though Plaintiffs have submitted a copy of an accident report, the reporting officer lacks

personal knowledge of the alleged accident.  Plaintiffs' counsel also provided a copy of the complaint

in further support of the motion, but the document is signed by counsel and unverified by Plaintiffs.

Conspicuously missing from Plaintiffs' moving papers is an affidavit from Plaintiffs detailing the

cause of the accident and the nature of the injuries sustained as a result of Defendants' alleged negligence.

Plaintiffs attribute the delay in timely prosecuting their claims due to the difficulties imposed by the COVID-19 pandemic. A review of the docket reveals that Plaintiffs commenced the action on April 25, 2018, approximately two years prior to March 2020, the onset of the Pandemic. From May 1, 2018 to May 12, 2018, Plaintiffs made four attempts to effectuate service of process upon the Defendants.[2] (ECF Nos. 5-8.) Since the inception of the action, however, Plaintiffs have yet to obtain a summons from the clerk or effectuate proper service as required by Rule 4.

While the Court recognizes that several transfers occurred, from the Eastern District to the Southern District and subsequently to White Plains, they occurred from October 3, 2018 to November 8, 2018. In other words, the transfers occurred approximately sixteen months prior to the start of the Pandemic. Moreover, Plaintiff took no action between November 2018, when the case was transferred to White Plains, and March 2020, the time of the Court's filing of the OSC for lack of prosecution. Accordingly, a portion of the delay is attributable to Plaintiffs' inactivity and failure to prosecute.

The Court is aware of the huge problems posed by the Pandemic. As the Second Circuit has stated, "the COVID-19 pandemic, coupled with the state government's orders restricting the activities of nonessential businesses, constitute an occurrence beyond the parties' reasonable control..., [t]he pandemic and government shutdown orders are the same type ...which include, 'without limitation,' natural disaster, terrorist attack, and nuclear or chemical contamination. Each of the enumerated events are of a type that causes large-scale societal disruptions, are beyond the parties' control, and

---

[2] Plaintiffs attempted to serve Defendant Stevens Transport by delivering a copy of the "COMPLAINT AND CIVIL CASE COVER SHEET" upon the general counsel of said defendant. (ECF No. 5 & 7.) Plaintiffs filed two "AFFIDAVIT(s) OF NON-SERVICE" regarding their attempted service upon Defendant Terence Webber. (ECF No. 6 & 8.)

are not due to the parties' fault or negligence." *JN Contemp. Art LLC v. Phillips Auctioneers LLC*, 29 F.4th 118 (2d Cir. 2022). Accordingly, it cannot be said that the entire delay in prosecuting the action is attributable to Plaintiffs' negligence, delay, or inactivity.

The period following March 2020, the Pandemic can only be described as constituting extraordinary circumstances. Extraordinary circumstances warrant consideration under Rule 60(b)(6) which allows a court to provide adequate relief such as vacatur where the judgment may work an extreme and undue hardship on a litigant. Application of Rule 60(b)(6) favors the granting of Plaintiffs' application.

Defendants partly oppose Plaintiffs' motion to vacate due to their failure to comply with Rule 4. Fed. R. Civ. P. 4(c)(1) ("Rule 4(c)(1)") provides in relevant part that a summons, along with a copy of the complaint, must be served upon the named defendant(s). Fed. R. Civ. P. 4(m) ("Rule 4(m)") provides if a defendant is not served within ninety (90) days after the complaint is filed, the court, on motion or on its own after notice to the plaintiff, must dismiss the action *without prejudice* (emphasis added) against that defendant or order that service be made within a specified time.

A review of the docket reveals that Plaintiffs did in fact fail to request and obtain a summons which is required to be served upon each named defendant with the complaint. *See*, Fed. R. Civ. P. 4(c)(1). Failure to comply with Rule 4(c)(1), requires the Court to dismiss the action without prejudice or order that service be made within a specified time. Fed. R. Civ. P. 4(m). Given the Second Circuit's strong policy preference to resolve matters on the merits and not on a procedural default (*see Traguth v. Zuck*, 710 F.2d 90, 94 (2d Cir.1983); *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 507 (2d Cir. 1991); *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993); *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 172 (2d Cir. 2001)), the Court grants Plaintiffs' application to vacate the dismissal. Consistent with Rule 4(c)(1), Plaintiffs are granted sixty days from date of this order to obtain a summons and execute proper service upon each named Defendant.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion pursuant to Rule 60(b) to vacate the dismissal is GRANTED.  Consistent with Rule 4(c)(1), Plaintiffs are granted sixty days from the date of this order to obtain a summons and execute proper service upon each named Defendant.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 22.

Dated:   April 14, 2022                                    SO ORDERED:
       White Plains, New York

                                               NELSON S. ROMÁN
                                      United States District Judge