UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/28/2023

RASHA BROWN and LLOYD WATSON,

                  Plaintiffs,

  -against-

TERENCE WEBER and STEVENS TRANSPORT, INC.,

                  Defendants.

18-CV-9618 (NSR)

ORDER OF DISMISSAL

NELSON S. ROMÁN, United States District Judge:

    Plaintiffs Rasha Brown and Lloyd Watson (together, "Plaintiffs") commenced the present personal injury suit on April 25, 2018, alleging that Defendants Terence Weber and Stevens Transport, Inc. (together, "Defendants") are liable for injuries suffered by Plaintiffs on May 12, 2015 during a motor vehicle accident in Rockland County, New York. (*See* Complaint, ECF No. 1.) On October 30, 2018, the case was transferred to the United States District Court for the Southern District of New York. (*See* ECF No. 10.) On November 8, 2018, the case was reassigned from Judge Andrew L. Carter, Jr. to this Court. (*See* ECF Dkt. Entry Dated November 8, 2018.) On August 8, 2022, Defendant Stevens Transport, Inc. filed an application for a clerk's certificate of default against Plaintiff Rasha Brown as to their counterclaim against her. (*See* ECF Nos. 43 and 44.) The Clerk's Certificate of Default as to Defendant Steven Transport Inc.'s counterclaim against Plaintiff Rasha Brown was then entered on August 11, 2023. (*See* ECF No. 45.) The case has been inactive since that time.

    Under Rule 41(b) of the Federal Rules of Civil Procedure, "a district judge may, *sua sponte*, and without notice to the parties, dismiss a complaint for want of prosecution." *Taub v. Hale*, 355 F.2d 201, 202 (2d Cir. 1966); *see West v. City of New York*, 130 F.R.D. 522, 524 (S.D.N.Y. 1990)

("[T]he Supreme Court has recognized the inherent power of a district judge to dismiss a case for the plaintiff's failure to prosecute."). "Dismissal for want of prosecution is a matter committed to the discretion of the trial judge." *Peart v. City of New York*, 992 F.2d 458, 461 (2d Cir. 1993) (internal quotation marks omitted). This discretion, however, "is conditioned by certain minimal requirements." *Id.* (internal quotation marks omitted). In particular, the Court should consider:

> (1) the duration of plaintiff's failures; (2) whether plaintiff had received notice that further delays would result in dismissal; (3) whether defendant is likely to be prejudiced by further delay; (4) whether the district judge has carefully balanced the need to alleviate court calendar congestion and a party's right to due process; and (5) whether the court has assessed the efficacy of lesser sanctions.

*Id.* (internal quotation marks omitted).

Because Plaintiffs had not taken any steps to advance this action for well over a year and Plaintiffs' failure to prosecute this action impeded the Court's efforts to "avoid calendar congestion and ensure an orderly and expeditious disposition of cases," *Cortez v. Suffolk Cty. Corr. Facility*, No. 15-CV-1957 (JFB) (AKT), 2016 WL 6302088, at *2 (E.D.N.Y. Oct. 25, 2016), on March 6, 2023 this Court ordered Plaintiffs to show cause in writing on or before March 27, 2023 why their claims against Defendants should not be dismissed without prejudice for want of prosecution pursuant to Fed. R. Civ. P. 41(b). (ECF No. 46.) The Court noted that failure to comply with its Order to Show Cause would result in dismissal of this action for want of prosecution. (*Id.*)

Plaintiffs' counsel responded to the Court's Order to Show Cause with a letter dated March 27, 2023, requesting to make an application to withdraw as attorneys and noting that they have been unable to contact Plaintiffs since the Covid-19 Pandemic, despite attempting to locate Plaintiffs via telephone, mail, and hired investigators, and that they therefore have been unable to move this case forward. (ECF No. 47.) In light of Plaintiffs' counsel's response and Plaintiffs' failure to evidence any intention to prosecute this action or respond to the

2

the Court's Order to Show Cause, it is hereby ORDERED that this action is DISMISSED without prejudice for want of prosecution pursuant to Fed. R. Civ. P. 41(b). Plaintiffs' counsel's letter request to make an application to withdraw as attorneys is also, therefore, denied.

For the foregoing reasons, the Clerk of the Court is kindly directed to terminate this action. The Clerk of the Court is further directed to mail copies of this order to Plaintiffs at the addresses listed on ECF and to show proof of service on the docket.

Dated:  March 28, 2023
        White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge